UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD C. BURRELL, | |
| Petitioner, | CIVIL ACTION NO. 1:23-cv-00582 |
| v. | (SAPORITO, J.) |
| ERIC ARMEL, *et al.*, | |
| Respondents. | |

## MEMORANDUM

Donald C. Burrell, incarcerated at SCI-Fayette in La Belle, Pennsylvania, commenced this case by filing a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The Court appointed counsel for Burrell, and counsel filed an amended petition on Burrell's behalf, which is ripe for adjudication. For the following reasons, the petition will be denied.

## I.    STATEMENT OF THE CASE

On June 25, 2015, in the Court of Common Pleas of Bradford County, a jury convicted Burrell of more than 300 charges arising from the sexual abuse of his daughter. On appeal, the Pennsylvania Superior Court summarized the facts as follows:

In 2013, Burrell was charged with sexually assaulting

his daughter consistently over a 20 year period. He had previously been charged with many of the same crimes in 2002, but after his daughter had recanted, the Commonwealth *nolle prossed* the charges. The charges were filed again in 2013, alongside charges arising from conduct occurring between 2002 and 2013.

In pre-trial motions, Burrell raised the issue of his competency to stand trial, whether double jeopardy barred the prosecution of the crimes he had been charged with in 2002, and whether the search warrant for his computer was overbroad. After the trial court denied all three motions, the case proceeded to a jury trial.

At trial, the victim testified that Burrell kept a calendar that memorialized the abuse, as well as assorted other evidence. The calendar recorded over 200 incidents of sexual intercourse between Burrell and his daughter. The jury found him guilty on all charges. The trial court subsequently sentenced Burrell to an aggregate sentence of 1,031 to 2,546 years of imprisonment. It accomplished this sentence by running the sentences for all non-merged convictions consecutively.

*Commonwealth v. Burrell*, No. 660 MDA 2016, 2017 WL 2805172, at *1 (Pa. Super. Ct. June 28, 2017). Burrell appealed his convictions, asserting that the trial court erred by: (1) determining that he was competent to stand trial; (2) denying his motion to suppress evidence seized from his computer; (3) allowing evidence of crimes prior to 2003 to be presented at trial; (4) determining that the evidence at trial was sufficient to support his convictions; and (5) imposing an excessive sentence. The

- 2 -

Pennsylvania Superior Court affirmed on June 28, 2017. *See id.* Burrell filed a Petition for Allowance of Appeal, which was denied on December 27, 2017. *Commonwealth v. Burrell*, 644 Pa. 518 (2017). It is undisputed that Burrell did not seek *certiorari* in the United States Supreme Court.

Burrell filed a Post-Conviction Relief Act ("PCRA") petition, which the state court received on December 7, 2018. Through appointed counsel, Burrell filed an amended petition on February 18, 2021, asserting ineffective assistance by trial counsel on six different grounds. (Doc. 23-8). The court denied relief on September 15, 2021. *See* (Doc. 23-9). Burrell appealed, and the Superior Court affirmed on January 19, 2023. *Commonwealth v. Burrell*, 292 A.3d 1110 (Pa. Super. Ct. 2023). Burrell did not file a Petition for Allowance of Appeal.

Burrell filed his habeas petition[1] pursuant to 28 U.S.C. § 2254,

---

[1] Contrary to the respondent's argument, this petition was timely filed. In general, a one-year period of limitation applies to Section 2254 petitions. That period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1). For Burrell, that date was March 27, 2018, at the conclusion of the 90-day period for him to seek *certiorari* in the United States Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); 42 Pa.C.S. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States").

*(continued on next page)*

dated March 24, 2023, in the Eastern District of Pennsylvania. The court transferred the petition to this district because Burrell was convicted in Bradford County, within the boundaries of this district. *See* (Doc. 4). On July 1, 2025, upon review of the petition and response, the Court appointed counsel to represent Burrell (Doc. 34), and counsel filed an amended petition on October 6, 2025 (Doc. 43).

## A. Habeas Claims Presented

In the operative petition (Doc. 43), Burrell asserts four grounds for relief:

- (1) The state courts "erred by not addressing Mr. Burrell's argument concerning the effect of the *nolle prosequi* of the 2002 and 2003 charges on the Commonwealth's ability to bring the same charges in the 2014 case."

---

From that date, 234 days passed until Burrell filed his *pro se* PCRA petition, which tolled the one-year limitation period. *See* 28 U.S.C. § 2244(d)(2). Although his petition was file-stamped December 7, 2018, the petition is dated November 16, 2018, Burrell claims he submitted it for mailing on that date, and the respondent offers no evidence to the contrary. *See Williams v. Brooks*, 435 F. Supp. 2d 410, 419 (E.D. Pa. 2006) (the prison mailbox rule applies to *pro se* PCRA petitions) (citing *Commonwealth v. Jones*, 549 Pa. 58 (1997)).

The Superior Court affirmed denial of Burrell's PCRA petition on January 19, 2023. The limitation period did not resume until 30 days later, when the deadline to file a Petition for Allowance of Appeal had passed. *See Swartz*, 204 F.3d at 420-25. A further 34 days elapsed until March 24, 2023, when this habeas petition was dated and mailed. *See* (Doc. 1 at 22). Ultimately, accounting for tolling, 268 days elapsed after Burrell's judgment became final, and thus his petition was timely filed.

- (2) Trial counsel was ineffective for failing to challenge a May 25, 2013, search warrant, pursuant to which Burrell's laptop was seized; alternatively, if the warrant had not been produced to trial counsel, the prosecution violated Burrell's rights pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

- (3) The evidence at trial was insufficient to sustain Burrell's convictions.

- (4) Burrell's sentence of 1,031 to 2,531 years violated the Eighth Amendment and his due process rights.

## II.   LEGAL STANDARDS

A federal court may not grant relief on habeas claims previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." *Williams v. Taylor*, 529 U.S. 362, 386 (2000); *see also Eley v. Erickson*, 712 F.3d 837, 846 (3d. Cir. 2013).

Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 387. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." *Id.* at 411; *see also Eley*, 712 F.3d at 846. Moreover, any factual findings by the state trial and appellate courts are presumed to be correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013); *Eley*, 712 F.3d at 846.

Subject to limited exceptions, the petitioner must first exhaust all claims in state court. *See* 28 U.S.C. § 2254(b),(c). A state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A claim has been exhausted when it has been "fairly presented" to the state court, meaning that the court has addressed it on the merits. *Picard v.*

*Connor*, 404 U.S. 270, 275 (1971). The petitioner bears the burden of proving exhaustion of all available state remedies. *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (citing *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993)).

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999) (citing § 2254(b)). In that case, the court can consider the petition only if the petitioner shows "cause and prejudice" for the default or that a "fundamental miscarriage of justice" will result if the court does not consider the merits. *Coleman v. Thompson*, 501 U.S. 722, 724 (2012). "Cause and prejudice" means that (1) "some objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule," and (2) the errors at trial worked to Banks's "actual and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 488, 494 (1986) (quotation and emphasis removed). A fundamental miscarriage of justice is a

constitutional error that has "probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

## III. DISCUSSION

### A. Ground 1: *Nolle Prosequi*

Burrell's first ground for relief concerns the decision of the trial court to permit the 2014 reinstatement of charges that were dismissed, *nolle prosequi*, in 2004. Burrell's claim is that the trial court "erred by not addressing [his] argument concerning the effect of the *nolle prosequi* of the 2002 and 2003 charges on the Commonwealth's ability to bring the same charges in the 2014 case." *See* (Doc. 43 at 10; Doc. 44 at 1-3).

As an initial matter, the state courts' alleged failure to address an argument is not itself a basis for habeas relief; the result of that failure would be that the federal court reviews the underlying issues *de novo*, rather than under the standard outlined in 28 U.S.C. § 2254(d).[2] *See Appel v. Horn*, 250 F.3d 203, 210-11 (3d Cir. 2001); *see, e.g., Durbin v.*

---

[2] Burrell claims that a court's failure to address a "critical and meritorious" argument violates a defendant's due process rights (Doc. 52 at 1-2), but he presents no authority for that position. To the contrary, when a state court denies relief and declines to explain its reasoning, the court is rebuttably presumed to have rejected the claim on the merits. *See Johnson v. Williams*, 568 U.S. 289, 298 (2013); *Harrington v. Richter*, 562 U.S. 86, 98-100 (2011).

*Luther*, No. 15-CV-884, 2017 WL 5991835, at *7 (W.D. Pa. Dec. 1, 2017).

Moreover, Burrell's petition did not clearly identify the argument that the state courts purportedly failed to address. *See* (Doc. 51). In supplemental briefing, he defines that argument as follows: "[T]he *nolle prosequi* of the first set of charges foreclosed the Commonwealth from re-filing the same charges in 2014 *without first presenting a motion to strike off the nolle prosequi*." (Doc. 52 at 1) (emphasis added). However, Burrell did not exhaust any such argument in the state courts. Burrell's arguments about the renewed charges were generally premised on claims that the original *nolle prosequi* was intended to be "with prejudice" (*see* n.2, *supra*), that there was undue or prejudicial delay in renewing the charges, or that the victim had been coerced into "un-recanting." The courts addressed these arguments as they were presented at various stages of the case.[3] *See, e.g.,* (Doc. 31-1) (addressing an oral motion "to

---

[3] Burrell's PCRA petition included a claim of ineffective assistance of trial counsel for failure to "timely seek a dismissal of charges" (Doc. 31-14 at 4-9); within that claim, he alleged that counsel was ineffective for failing to object that the *nolle prosequi* charges were reinstated without a motion. (*Id.* at 5, ¶¶ 18-20). The PCRA court rejected the ineffective assistance claim based in part on trial counsel's other efforts to contest the charges. *See* (Doc. 31-16 at 4). On appeal, Burrell did not renew the argument about the *nolle prosequi* motion, and the Superior Court did
*(continued on next page)*

dismiss the [charges] because they violate the defendant's right to due process of law . . . [and] to a speedy trial"), (Doc. 31-2 at 4-6, Doc. 31-3 at 5-10, Doc. 31-4 at 10-12) (arguments of collateral estoppel and double jeopardy).

The parties debate whether the reinstatement of the charges actually required a motion under Pennsylvania law (Docs. 50, 53, 56), but "federal *habeas corpus* relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quotation and citation omitted); *see* 28 U.S.C. § 2254(a). Further, any claimed violation of federal law based on the prosecutor's failure to file a motion would be procedurally defaulted, because Burrell did not present the "factual and legal substance" of that claim in one complete round of the state's review procedures. *See McCandless*, 172 F.3d at 261. Therefore, Burrell is not entitled to habeas relief on these grounds.

### B. Ground 2: May 25, 2013, Search Warrant

Next, Burrell contends that trial counsel was ineffective for failing

---

not address it. *See* (Doc. 31-17 at 20-23; Doc. 31-19). Burrell's petition does not assert an ineffective assistance claim, and his aborted argument would not be sufficient to exhaust one, nor to exhaust any related federal claim. *See Willis v. Vaughn*, 48 F. App'x 402, 405-07 (3d Cir. 2002).

to challenge a May 25, 2013, search warrant, or alternatively, that the prosecution's failure to disclose the warrant resulted in a *Brady* violation. Police requested the warrant to search Burrell's home after Burrell was assaulted and critically injured in the home, an incident that had no apparent connection to this case. The warrant permitted the seizure of "any blood, DNA, fingerprints, pieces of clothing or hair samples" and other "items yet to be identified that would be evidence associated with" the assault. (Doc. 44-1). Police seized a laptop pursuant to this warrant. Later, they obtained a second warrant, dated August 7, 2013, to search within the computer for evidence to be used in this case.

This claim cannot be considered because it is unexhausted. In the state courts, Burrell challenged the August 7 warrant that permitted police to search the contents of the computer, arguing that the warrant improperly permitted a "wholesale examination of all files present on the computer." *See* (Doc. 31-5 at 15-17). However, he did not contest the May 25 warrant that led to the recovery of the computer itself, which he now asserts as a basis for habeas relief.

Burrell has not shown "cause and prejudice" that would permit him to pursue this claim. First, he has not shown how counsel was prevented

from exhausting this issue in the state courts. He speculates that the prosecution may not have produced the warrant to defense counsel, but counsel was clearly aware of the warrant, because one of the searching officers testified about the warrant at trial and counsel cross-examined him on the topic. *See* (Doc. 40-2, 83:4-88:1).[4]

Further, the underlying Fourth Amendment claim appears to be without merit. The Fourth Amendment prohibits both overbroad and general warrants. "For a warrant to be invalidated as general, it must 'vest the executing officers with unbridled discretion to conduct an exploratory rummaging through [a defendant's] papers in search of criminal evidence.'" *United States v. $92,422.57*, 307 F.3d 137, 149 (3d Cir. 2002) (quoting *United States v. Christine*, 687 F.2d 749, 752 (3d Cir. 1982)). An overbroad warrant "describe[s] in both specific and inclusive general terms what is to be seized,' but 'authorizes the seizure of items

---

[4] We agree with Burrell that counsel's awareness of the warrant at trial would not be dispositive of a *Brady* violation. However, the trial record contradicts Burrell's argument that "the search warrant's existence was never produced to [Burrell] or his counsel before the instant habeas proceedings, [so Burrell] was never able to raise a Fourth Amendment challenge." (Doc. 50 at 7). Further, Burrell has not submitted or described any evidence that the warrant was withheld; it appears that the basis for that inference is Burrell's assumption that the warrant would or should have been challenged.

as to which there is no probable cause.'" *United States v. Yusuf*, 461 F.3d 374, 393 n.19 (3d Cir. 2006) (quoting *$92,422.57*, 307 F.3d at 149).

Although the disputed warrant authorized the seizure of "items yet to be identified that would be evidence associated with this crime," that is not equivalent to a general or overbroad warrant, given that the attached affidavit of probable cause explained the crime for which police were seeking evidence (*i.e.*, the assault of Burrell).[5] *See* (Doc. 44-1 at 1-2); *United States v. Ballard*, 551 F. App'x 33, 38 (3d Cir. 2014) ("[w]hen read in context, the phrase 'any other items of evidentiary value' did not invalidate" the warrant); *United States v. Tracey*, 597 F.3d 140, 153-54 (3d Cir. 2010). Burrell has not shown a constitutional error that would permit a habeas court to review his unexhausted claim, nor that trial or appellate counsel were ineffective for failing to pursue this argument.

---

[5] Burrell claims that seizing the laptop was "far beyond the scope of the search warrant," but Burrell's laptop was "evidence that would be associated with" the assault; first, because there was blood on the laptop, and second, because a witness told the officers that Burrell had been messaging with the assailant via Yahoo! Messenger. *See* (Doc. 40-2 at 83:20-87:11) ("Obviously if Mr. Burrell had pulled through [alive] we could ask him who assaulted him . . . But if he passed away then we would have nothing to go with.") (cleaned up).

### C. Ground 3: Sufficiency of Evidence

Next, Burrell claims that the evidence was insufficient to sustain his convictions, in violation of his due process rights. On a habeas challenge to the sufficiency of evidence, the reviewing court assesses "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Eley v. Erickson*, 712 F.3d 837, 847 (3d Cir. 2013) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Burrell was convicted of 346 charges of ten different sexual crimes, comprised of the following elements:

- 20 counts of Rape of a victim less than 13 (sexual intercourse with a complainant less than 13 years of age), *see* 18 Pa.C.S. § 3121(a)(6);

- 20 counts of Statutory Rape (sexual intercourse with a complainant less than 13 years of age by a defendant who is 18 or older and not the complainant's spouse), *see* 18 Pa.C.S. § 3122;

- 20 counts of Statutory Sexual Assault (sexual intercourse with a complainant less than 16 years of age by a defendant who is four or more years older and not the complainant's spouse), *see* 18 Pa.C.S. § 3122.1;

- 20 counts of Involuntary Deviate Sexual Intercourse with a person

- 14 -

less than 16 (deviate sexual intercourse[6] with a person less than 16 years of age), *see* 18 Pa.C.S. § 3123(a)(5);

- 20 counts of Involuntary Deviate Sexual Intercourse of a person less than 13, *see* 18 Pa.C.S. § 3123(a)(6);

- 20 counts of Involuntary Deviate Sexual Intercourse of a person less than 16, with the defendant four or more years older, *see* 18 Pa.C.S. § 3123(a)(7));

- 8 counts of Sexual Abuse of Children through depiction of a sexual act (defendant knowingly photographs, videotapes, or films a person under the age of 18 engaging in a prohibited sexual act or the simulation of such an act), *see* 18 Pa.C.S. § 6312(b));

- 8 counts of Sexual Abuse of Children by possession of material depicting a prohibited sexual act (defendant intentionally views or knowingly possesses photographs or other material depicting a person under the age of 18 engaging in a prohibited sexual act or in the simulation of such an act), *see* 18 Pa.C.S. § 6312(d));

- 200 counts of Incest (sexual intercourse with a descendant), *see* 18 Pa.C.S. § 4302;

- 10 counts of Rape by Threat of Forcible Compulsion (sexual intercourse by forcible compulsion), *see* 18 Pa.C.S. § 3121(a)(2)).

Burrell argues that the insufficiency of the evidence is demonstrated by the trial judge's opinion denying his post-sentence motion[7] (Doc. 31-4),

---

[6] "Deviate sexual intercourse" is defined as "[s]exual intercourse per os or per anus . . . [or] penetration, however slight, of the genitals or anus of another person with a foreign object." 18 Pa.C.S. § 3101.

[7] The Superior Court adopted the trial judge's discussion of this issue on appeal. *See* (Doc. 31-7 at 7-8).

which "lumped all of the charges together" rather than discussing the individual elements of each. Although the state courts' discussion could have been more detailed, a review of the record confirms that there was ample evidence to sustain convictions on each charge.

The victim in this case, who is Burrell's daughter, testified that Burrell began engaging in oral sex with her when she was seven years old. She testified that from the ages of eight through 17, Burrell compelled her to engage in anal sex "roughly once a week," typically preceded by oral sex. (Doc. 40-2 at 4:2-8:5). Beginning when she was 13, Burrell compelled her to engage in vaginal sex. Burrell kept a "calendar" documenting his instances of vaginal sex with her, which exceeded 250 occasions. *See*, *e.g.*, (*id.*, 29:24-32:25). Burrell would verbally and physically abuse the victim to coerce her to have sex with him, to not object to what he was doing, and to sign "agreements" to that effect. *See*, *e.g.*, (*id.*, 22:24-25:14, 56:15-73:9). This evidence was sufficient for a jury to find that Burrell committed the crimes of Rape, Statutory Rape, Statutory Sexual Assault, Involuntary Deviate Sexual Intercourse, Incest, and Rape by Threat of Forcible Compulsion in the quantities

- 16 -

charged.[8] Further, the prosecution introduced evidence of at least eight photographs seized from Burrell's home depicting the victim in sexual poses, taken while she was a minor. *See* (Doc. 40-1, 39:8-40-9; Doc. 40-2, 22:3-24:9). This evidence was sufficient to sustain the Sexual Abuse of Children charges.

Burrell's claim is limited to criticism of the state courts' written analysis; he makes no argument as to how the evidence actually presented to the jury was insufficient to convict him. Given the evidence described above, any perceived flaw in the state courts' *post hoc* discussion is irrelevant. *See Bronshtein v. Horn*, 404 F.3d 700, 724 (3d

---

[8] Specifically, the testimony that Burrell engaged in oral and anal sex with the victim approximately once per week for 10 years under threat of physical harm and other forms of coercion, along with the instances of vaginal sex documented in the calendars, could support findings that he engaged in 330 separate instances of conduct satisfying the various elements of the crimes listed above. *See, e.g., Allam v. Harry*, No. 1:14-CV-01940, 2017 WL 1273892, at *16-17 (M.D. Pa. Feb. 21, 2017) ("[G]iven the testimony from K.S. about Allam's ongoing sexual contact with her and about the number of times certain acts occurred . . . the jury could reasonably find that Allam was guilty of all 56 counts."), *report and recommendation adopted*, 2017 WL 1232489 (M.D. Pa. Apr. 4, 2017).

If Burrell intended to argue that the evidence showed "undifferentiated counts of the same offenses, rather than separate, specific, and identifiable incidents of child sexual abuse," he would not be entitled to habeas relief on that basis, because such convictions do not violate clearly established federal law recognized by the Supreme Court. *See Crawford v. Pennsylvania*, 714 F. App'x 177, 179-80 (3d Cir. 2017).

Cir. 2005) ("[I]f a petitioner's custody does not in fact violate federal law . . . the petitioner is not entitled to habeas relief regardless of the correctness of the state court's analysis of those claims.").

## D. Ground 4: Proportionality of Sentence

Finally, Burrell argues that his sentence is unconstitutionally disproportionate. A sentence is imposed in violation of the Eighth Amendment[9] if it is "grossly disproportionate" to the crime of conviction. *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003). The Supreme Court has noted three factors relevant to proportionality: "(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions." *Ewing v. California*, 538 U.S. 11, 22 (2003) (quoting *Solem v. Helm,* 463 U.S. 277, 292 (1983)). Generally, "a sentence within the limits imposed by statute is neither excessive nor cruel and unusual . . . This is so because we accord substantial deference to . . . [legislative] authority to determine the types and limits of punishments for crimes." *See United States v. Miknevich*,

_____

[9] In the petition, Burrell also asserted that the sentence violated his due process rights (Doc. 43 at 11), but his brief describes this claim purely as an Eighth Amendment claim. *See* (Doc. 44 at 14-17).

638 F.3d 178, 186 (3d Cir. 2011). In non-capital cases, "only extraordinary cases will result in a constitutional violation." *See United States v. Walker*, 473 F.3d 71, 79 (3d Cir. 2007) (citing *Lockyer*, 538 U.S. at 72, 77).

Burrell exhausted this claim in the state courts through his direct appeal. Although the Pennsylvania Superior Court did not explicitly analyze Burrell's excessive sentence claim under Eighth Amendment, it affirmed his sentence on the following grounds:

> [T]he law of Pennsylvania allows the effective imposition of a life sentence through the imposition of consecutive sentences because the imposition of consecutive rather than concurrent sentences rests within the trial court's discretion.
>
> In the present case, Defendant was sentenced pursuant to both the sentencing guidelines and the discretion of the trial court. The discretion of the court was founded upon the evidence presented at trial—evidence including but not limited to the repeated sexual abuse of a daughter by her father by forcing her to perform oral sex at the age of seven, anal sex by the age of eight, and vaginal sex by the age of thirteen, and continuing through adulthood, the "agreements" signed by the daughter giving the father "rights" over her breasts, hair, money, and self, and the demeanor of the parties involved which cannot be conveyed through a cold reading of the transcript. It was a lifetime of torture. Further, there is no evidence in the sentence of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to make it clearly erroneous.

*Commonwealth v. Burrell*, No. 660 MDA 2016, 2017 WL 2805172, at \*12 (Pa. Super. Ct. June 28, 2017).

Burrell is serving an aggregate sentence of 1,031 to 2,531 years imprisonment for his 346 crimes, but "[t]he Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence." *Murray v. Warden Lewisburg USP*, 634 F. App'x 381, 383 (3d Cir. 2016). Burrell compares his sentence to those of other defendants convicted of child sexual abuse crimes (Doc. 44 at 15-17, n.6 through n.15), but comparisons to offenders who received shorter sentences for committing fewer crimes than Burrell do not establish an Eighth Amendment violation.

Further, Burrell's comparisons do not account for "the gravity of the offense[s]," which has to do with the nature of the defendant's conduct, not just the laws he violated. *See Ewing*, 538 U.S. at 28-29. While we do not doubt that Burrell's comparator cases were heinous in their own right, Burrell has not shown that they are factually comparable to the "lifetime of torture" to which he subjected the victim in this case. Acknowledging that he is effectively serving a life sentence, we defer to the trial court's determination that this sentence is warranted. *See, e.g.,*

*Gov't of Virgin Islands v. Garcia*, 232 F. App'x 167 (3d Cir. 2007) (affirming consecutive sentences of 99 years for crimes relating to sexual abuse of a 15-year-old victim on a single day).

## IV.  CONCLUSION

Accordingly, the Court will deny Burrell's petition. Because Burrell has not demonstrated a substantial showing of the denial of a constitutional right, and "jurists of reason would not debate that [he] should be denied relief" on the grounds presented, no certificate of appealability will issue. *See* 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 580 U.S. 100, 115 (2017). An appropriate order follows.


Dated: July 2, 2026                      *s/Joseph F. Saporito, Jr.*
                                         JOSEPH F. SAPORITO, JR.
                                         United States District Judge